# Exhibit 1

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

PAUL MOORE,

v.

JEFFERIES & CO., INC.

No. _____

Jefferies & Co., Inc.
55 W. Monroe Street
Suite 3500
Chicago, IL 60603

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 22288
Name: Sperling & Slater, P.C.
Atty. for: Plaintiff
Address: 55 W. Monroe Street, Suite 3200
City/State/Zip: Chicago, IL 60603
Telephone: 312.641.3200
Service by Facsimile Transmission will be accepted at: _____

WITNESS, __December 3__, 2007

Clerk of Court (DOROTHY BROWN)

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Notice and Acknowledgment of Receipt of Summons and Complaint           (3/01/07) CCG 0063

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PAUL MOORE, 
                                                                    Plaintiff(s)         Case No. _____

v.

JEFFERIES & CO., INC.
                                                                    Defendant(s)        Defendant(s) Amount Claimed: $ 975,000

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: ____Jefferies & Co., Inc.____    Address: ____55 W. Monroe Street, Suite 3500____
            (Name)

City: ____Chicago____    State: ____Illinois____    Zip: ____60603____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ____30____ *days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ *days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ____60____ **days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on ____December 3____, ____2007____.

Dated: ____December 3____, ____2007____                                          _____
                                                                                                          Signature

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: ____James R. Daly____

Address: ____77 W. Wacker Dr., Suite 3500____    City/State/Zip: ____Chicago, IL 60601____

Relationship to Entity /Authority to Receive Service of Process: ____Counsel for Jefferies & Co., Inc.____
(Not applicable if your are the named Defendant or Respondent.)

Dated: ____12/14/07____, _____                                          _____
                                                                                                          Signature

*(To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

**(To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Civil Action Cover Sheet - Case Initiation                                                  (Rev. 2/8/06) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PAUL MOORE,

v.                                  }   No.

JEFFERIES & CO., INC.

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. ONLY ONE (1) CASE TYPE MAY BE CHECKED WITH THIS COVER SHEET.

Jury Demand  ☑ Yes   ☐ No

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
          (including Structural Work Act, Road
          Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
          *(Please Specify Below**)*
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007  Confession of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
          (other than legal or medical)
- ☐ 071  Fraud
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
          *(Please Specify Below**)*
- ☑ 075  Other Commercial Litigation
          *(Please Specify Below**)*
- ☐ 076  Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

**Quantum Meruit

By: _____
    (Attorney)              (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PAUL MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| JEFFERIES & CO., INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR MONEY DAMAGES**

Plaintiff, Paul Moore, for his complaint against defendant, Jefferies & Company, Inc., states as follows:

### I.    PARTIES

1. Plaintiff, Paul Moore ("Moore"), is an Illinois resident.

2. Defendant, Jefferies & Company, Inc. ("Jefferies"), is a foreign corporation. Jefferies maintains an office in Chicago, and it regularly transacts business throughout the state of Illinois.

### II.    JURISDICTION

3. This Court has subject matter jurisdiction as a court of original and general jurisdiction. This Court has personal jurisdiction over the defendant because, among other reasons, Jefferies transacts business in Illinois, maintains offices in Illinois, and has significant contacts within Illinois. Further, as alleged herein, this cause of action arises from Jefferies transacting business in Illinois with an Illinois resident and/or engaging in unlawful acts in Illinois that caused harm to an Illinois resident. Thus, the defendant has submitted to the personal jurisdiction of Illinois under 735 ILCS § 5/2-209.

4.  Venue is proper in this Court because, among other reasons, a substantial part of the acts and events that give rise to this action occurred in Cook County, Illinois. 735 ILCS § 5/2-101.

### III. BACKGROUND

5.  This is an action to collect a finder's fee owed by Jefferies to Paul Moore. The action arises out of Moore's efforts on Jefferies' behalf and at Jefferies' request that enabled Jefferies to bid for and obtain the investment banking assignment to arrange almost $500 million in debt financing for a large casino/racetrack project. Jefferies earned a fee believed to be in excess of $6 million for arranging the financing. As more fully alleged below, Moore rendered a valuable service to Jefferies and was the procuring cause of Jefferies' engagement. But for Moore's efforts, which began in the spring of 2007 and continued thereafter with Jefferies' knowledge and at Jefferies' request, Jefferies would not have obtained the investment banking assignment and would not have received a $6 million-plus fee. Pursuant to custom and practice, including a very recent occasion where Jefferies paid a finder's fee to a Moore-controlled entity, the expected and appropriate amount of Moore's finder's fee is 15% of Jefferies' fee. However, after obtaining its fee, Jefferies has refused to pay Moore, despite repeated requests.

6.  More particularly, in early 2007, Moore was working closely with Gary Levenstein (an Illinois resident) on an unrelated project. Moore learned that Levenstein was also concurrently working on a racetrack/casino project (referred to as "Racino") that required almost $500 million in financing. Levenstein had substantial duties and responsibilities concerning the procurement of financing for the Racino project on behalf of the prospective borrower, and Levenstein had been working with a different investment bank.

7.  Upon learning of the large prospective financing needed for the Racino project, Moore contacted Jefferies, through Ray Minella ("Minella"), one of Jefferies' managing directors. Moore asked Minella whether Jefferies wanted to bid on providing the financing and whether Moore should attempt to arrange for Jefferies to do so. Minella told Moore that Jefferies very much would like to have a meaningful opportunity to bid on the Racino business, and encouraged Moore to do whatever he could to enable Jefferies to get that opportunity.

8.  Concurrently, Moore pursued his discussions with Levenstein, who, as alleged above, was then working with a different investment bank and not considering Jefferies for the Racino financing. Moore argued to Levenstein, and truly believed, that Jefferies would be an ideal firm to arrange financing for the Racino project. According to Levenstein, it was only because of Moore's efforts and enthusiastic support of Jefferies that Levenstein came to believe that Jefferies would be the right investment bank for the Racino financing. As Levenstein put it, Moore (verbally) "slapped me upside the head" to convince Levenstein that Jefferies was the ideal firm to deliver the necessary financing.

9.  As a result of Moore's advocacy, Levenstein came to believe that Jefferies would be better suited for the Racino project than the firm he had been working with, and asked Moore to arrange to have Jefferies contact him to make a presentation. Moore then contacted Minella and informed him that Moore had arranged for Jefferies to make its presentation for the Racino financing and that Levenstein expected Minella to call. Soon thereafter, Minella contacted Levenstein, who in turn arranged for Jefferies to make its presentation to the prospective borrower. Jefferies was, in fact, well suited to provide the required financing. Jefferies made a strong presentation, received the Racino project's business, arranged the financing, closed the financing, and earned a fee in excess of $6 million.

10. While Jefferies was attempting to secure the Racino business, it acknowledged to Moore and Levenstein that if Jefferies obtained the Racino financing engagement, Moore would be paid for his efforts. Moreover, at no time before firmly securing the Racino financing engagement did Jefferies ever suggest that Moore would not be paid at the usual finder's rate.

## IV. CLAIMS FOR RELIEF

### COUNT I – QUANTUM MERUIT

11. Plaintiff realleges paragraphs 1 – 10, as set forth above.

12. Moore provided valuable services to Jefferies that enabled Jefferies to obtain the engagement to provide investment banking services for the Racino project. But for Moore's efforts, Jefferies would not have secured that engagement. Thus, Moore was the procuring cause of Jefferies' engagement for the Racino project and the ensuing fee earned by Jefferies.

13. Jefferies knowingly availed itself of Moore's services, received the benefit of those services and, as a result, earned a fee in excess of $6 million.

14. Moore reasonably expected to be compensated for his efforts on Jefferies' behalf; Jefferies understood that Moore expected to be compensated; and justice requires that Moore be compensated for the benefits he conferred upon Jefferies. Pursuant to custom and practice, including the parties' own prior dealing, the usual and appropriate finder's fee for the services provided by Moore is 15% of Jefferies' fee.

WHEREFORE, Moore respectfully requests that judgment be entered in his favor and against Jefferies for (a) a finder's fee amounting to 15% of Jefferies' fee; (b) prejudgment interest; (c) the costs of this suit including a reasonable attorney's fee; and (d) such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (as an alternative cause of action)

15.   Plaintiff realleges paragraphs 1 – 10, as set forth above.

16.   In his communications with Jefferies, Moore specifically stated that he expected to be compensated if Jefferies secured the investment banking business for the Racino project. Further, Minella specifically acknowledged to Moore and Levenstein that Jefferies would compensate Moore for his efforts in causing and enabling Jefferies to obtain this financing project.

17.   Pursuant to custom and practice, including the parties' own prior dealing, the finder's fee for the services provided by Moore is 15% of any fee earned by Jefferies.

18.   By reason of the foregoing, the parties entered into a contract whereby in exchange for Moore's valuable services in arranging for Jefferies to bid for and obtain the Racino financing project, Jefferies agreed to pay Moore a finder's fee in the customary amount.

19.   Moore fully performed his obligations as required by the contract and was the procuring cause of Jefferies' engagement.

20.   Jefferies obtained the investment banking assignment, arranged the financing, and was paid a substantial fee -- just as the parties had envisioned. However, Jefferies breached its obligation to pay Moore the customary finder's fee.

21.   As a result, Moore has been injured and has sustained damages in the amount of the unpaid finder's fee.

WHEREFORE, Moore respectfully requests that judgment be entered in his favor and against Jefferies for (a) a finder's fee amounting to 15% of Jefferies' fee; (b) prejudgment interest; (c) the costs of this suit including a reasonable attorney's fee; and (d) such other and further relief as the Court deems just and proper.

5

Dated: December 3, 2007

                                      Respectfully submitted,

                                      PAUL MOORE

                                      By: _____
                                              One of his Attorneys

Bruce S. Sperling
Greg Shinall
Matthew Slater
SPERLING & SLATER, P.C. (#22288)
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200
(312) 641-6492 (fax)
shinall@sperling-law.com

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand                                CCG N067-10M-6/09/04 (         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PAUL MOORE,

v.   No. _____

JEFFERIES & CO., INC.

**JURY DEMAND**

The undersigned demands a jury trial.

_____
(Signature)

Dated: __December 3__, 2007

Atty. No.: 22288
Name: Sperling & Slater, P.C.
Atty. for: Plaintiff
Address: 55 W. Monroe Street, Suite 3200
City/State/Zip: Chicago, IL 60603
Telephone: 312.641.3200

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**