# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 3 | **DATE** | May 23, 2008 |
| **CASE TITLE** | *Moore v. Jefferies & Co.* | | |

**DOCKET ENTRY TEXT**

Defendant Jefferies & Co., Inc.'s motion to dismiss [13-1] is denied. The parties shall report for a status hearing June 12, 2008 at 11:00 a.m.

■[ For further details see text below.]

00:00

## STATEMENT

Plaintiff Paul Moore describes himself as a business broker. His job involved facilitating business deals by introducing prospective business partners, for which he would earn a finder's fee.

In 2007, he contends that he introduced agents of defendant Jefferies & Co., an investment bank, to agents of a prospective borrower who wanted to build a combination race track and casino called Racino. As a result of the introduction, Moore contends that Jefferies & Co. arranged for $500 million in financing to Racino, earning for itself a $6 million fee, of which it owed Moore a 15% finder's fee of $900,000. Jefferies & Co. paid Moore nothing, prompting the instant suit in which Moore alleges that Jefferies & Co. breached its oral contract to pay him a finder's fee and, alternatively, that it owes him a finder's fee under the doctrine of *quantum meruit*.

Before the court is Jefferies & Co.'s motion to dismiss. In the motion, Jefferies & Co. identifies two grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6). First, it contends that under the allegations of the complaint, Moore was not the procuring cause of the transaction between Jefferies & Co. and Racino. Jefferies & Co. argues that because Moore must be a procuring cause of the transaction to be entitled to a finder's fee under either his contract claim or his *quantum meruit* claim, both claims must be dismissed. Alternatively, Jefferies & Co. contends that the terms of the oral contract that Moore has alleged are too vague and indefinite to be enforceable.

*Motion To Dismiss Standard*

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc*., 205 F.3d 323, 326 (7th Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

**STATEMENT**

allegations, a plaintiff's obligation to provide the grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).
The Seventh Circuit has interpreted *Bell Atlantic* as follows:

> Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14.

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). *See also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007) (observing that Supreme Court in *Bell Atlantic* "retooled federal pleading standards" such that a complaint must now contain "enough facts to state a claim to relief that is plausible on its face.").

### *Procuring Cause of the Transaction*

Under Illinois law (which both parties rely upon), a "finder" is an intermediary who brings together parties to a business opportunity. *See Mirza v. Fleet Retail Fin., Inc.*, 354 F.3d 687, 689 (7th Cir. 2003); *Ruskin v. Rodgers*, 399 N.E.2d 623, 637 (Ill. App. Ct. 1979). A finder is entitled to collect a finder's fee if he was the "procuring cause" of a business transaction, meaning he was the "predominating, efficient cause of the transaction." *Modern Tackle Co. v. Bradley Indus., Inc.*, 297 N.E.2d 688, 693-94 (Ill. App. Ct. 1973); *see also Mirza*, 354 F.3d at 689.

Initially Jefferies & Co. identifies the proper standard for dismissal, contending that Moore has pleaded himself out of court by alleging facts that establish he was not the procuring cause of the transaction between Jefferies & Co. and Racino. But the arguments that follow are actually based upon what Moore failed to allege. For instance, Jefferies & Co. contends that Moore alleged only that he introduced Jefferies & Co. to an attorney for Racino, not Racino itself, and then failed to allege that Racino's attorney acted as an agent of Racino. Therefore, according to Jefferies & Co., Moore could never prove he was the procuring cause of the transaction between it and Racino because Moore failed to allege that he brought together either those parties or their agents.

As the Seventh Circuit recently warned, "[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal." *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). Although *Bell Atlantic* has since made more stringent the 12(b)(6) standard articulated in *Kolupa*, Moore easily meets even the *Bell Atlantic* standard. While Moore did not allege that Racino's attorney was his agent, he did allege that the attorney had "substantial duties and responsibilities concerning the procurement of funding for the Racino project on behalf of the prospective borrower." Compl. ¶ 6. Moreover, under Illinois law, attorneys act as agents of their clients. *See Brucar v. Rubin*, 638 F.2d 987, 991-92 (7th Cir. 1980) (applying Illinois law). Moore has therefore sufficiently alleged that he brought together

**STATEMENT**

agents for Jefferies & Co. and Racino, raising above the speculative level the possibility that he has a claim for relief.

### *Terms of Moore's Oral Contract with Jefferies & Co.*

Next, Jefferies & Co. argues that the contract Moore alleged "is fatally indefinite because it does not contain at least two essential terms: the alleged fee that Moore would be paid and the alleged services that Moore would be required to perform in exchange for that fee." (R.13 at 6.) Jefferies & Co. concludes, therefore, that the "*failure of the complaint to allege* that the parties agreed to any particular fee amount or structure is sufficient alone to show that no contract was formed." (*Id.* at 7.) (emphasis added).

Under Illinois law, whether an oral contract exists and, if so, its terms, conditions, and the parties' intent are questions of fact to be determined by a jury. *See Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 369 (7th Cir. 1998) (applying Illinois law); *Hodgman, Inc. v. Feld*, 447 N.E.2d 450, 454 (Ill. App. Ct. 1983) ("Whether an oral contract exists, its terms and conditions, and the intent of the parties are questions of fact to be determined by the trier of fact.") It is thus premature to draw conclusions about whether essential terms of the parties' contract are missing.

Of course, if Moore had specifically alleged that essential terms were missing from the oral contract, he might have pleaded himself out of court. *See Polyad Co. v. Indopco Inc.*, No. 06 CV 5732, 2007 WL 2893638, at *8 (N.D. Ill. Sept. 25, 2007) (plaintiff pleaded itself out of court by "including allegations that demonstrate a lack of a definite term of duration"). But Moore has not pleaded that his contract lacked essential terms such as price and consideration. To the contrary, Moore alleged that Jefferies acknowledged to "Moore and Levenstein [Racino's attorney] that if Jefferies & Co. obtained the Racino financing engagement, Moore would be paid for his efforts," and that Jefferies & Co.'s usual and customary finder's fee was 15%. Thus, Moore has once again met the *Bell Atlantic* standard by alleging details sufficient to raise above the speculative level the possibility that he has a claim for relief. Moreover, he has not pleaded himself out of court by alleging that his contract lacked essential terms.

Accordingly, Jefferies & Co's motion to dismiss is denied. The parties shall report for a status hearing June 12, 2008.

rs/cpb