# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>JEFFRIES & CO., INC.,<br><br>        Defendant. | Civil Action No. 08 CV 3<br><br>Hon. Blanche M. Manning<br>Magistrate Judge Maria Valdez |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter.

### Nature of Protected Information

1. For the purposes of this Stipulated Protective Order, the term "producing party" means the party or third party who produces or provides information, documents, or things in discovery in this matter or otherwise, and the term "receiving party" means the party or third party who receives such information, documents, or things.

2. "CONFIDENTIAL" information includes, without limitation, information, documents, or things produced or exchanged in this action in formal discovery or otherwise, information, documents, or things produced by non-parties who are the subject of discovery in this action that the non-parties are under an obligation to maintain in confidence, answers to interrogatories and responses to requests for admission or other discovery requests, and deposition, hearing, or trial transcripts that concern sensitive financial information, personal

information regarding witnesses or non-parties, and other information of a proprietary or confidential nature.

3. A producing party may designate as "CONFIDENTIAL" only information that the producing party in good faith reasonably believes meets the requirements of Paragraph 2 above.

4. Any copies, analyses, notes, abstracts, extracts, summaries, memoranda, or other writings or documents that contain, reflect, reveal, suggest, or otherwise disclose the substance or content of any "CONFIDENTIAL" information shall also be deemed to be "CONFIDENTIAL" under this Stipulated Protective Order.

5. This Stipulated Protective Order is not intended to apply to information that, in fact, has not been maintained by a party or non-party on a confidential basis. Accordingly, the parties agree that no information, document, or thing shall be designated, regarded or treated as "CONFIDENTIAL" if:

(a) it is in the public domain or generally available to the public at the time of production or disclosure; or

(b) it becomes part of the public domain or generally available to the public through no fault of the receiving party; or

(c) the receiving party can show that the information was otherwise in its rightful and lawful possession, and not otherwise subject to a confidentiality agreement, at the time of production or disclosure.

6. A producing party at any time may remove the "CONFIDENTIAL" designation from any information, document, or thing that the producing party has so designated.

### Restriction on Use of Produced Information

7. All "CONFIDENTIAL" information produced or exchanged during the course of this litigation shall be used solely for the purpose of preparation and trial of this action or any related appeal, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

8. Nothing herein shall prevent any party from disclosing or using its own "CONFIDENTIAL" information in any manner or at any location that it considers appropriate.

### Disclosure of Protected Information

9. "CONFIDENTIAL" information shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Stipulated Protective Order.

10. "CONFIDENTIAL" information may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons who have an actual need to have access to "CONFIDENTIAL" information for use in this litigation:

   (a) a party's in-house counsel and retained outside counsel and their respective staff, provided they are assisting in the prosecution or defense of this action;

   (b) outside experts and consultants, and their respective staff, retained to assist the parties or their counsel as consultants or expert witnesses for the purpose of this litigation, provided that the requirements of Paragraph 11 of this Stipulated Protective Order have been first satisfied;

   (c) any party or employees of any receiving party who are assisting counsel in this action;

(d) any person identified as an author or recipient of a document, or who otherwise has or has had lawful possession of the document or information;

(e) deponents in this litigation, subject to the restrictions set forth in Paragraph 12 of this Stipulated Protective Order;

(f) the Court or any personnel of the Court, and any court reporters or videographers retained to record and/or transcribe trial or deposition testimony in this action; and

(g) personnel of photocopy, graphics, litigation, jury consulting firms engaged by a party in connection with this litigation.

11. Outside experts or outside consultants, and their respective staff, may obtain access to "CONFIDENTIAL" information, pursuant to Paragraph 10(b) above, only after such persons have confirmed their understanding and agreement to abide by the terms of this Stipulated Protective Order by signing a copy of the Declaration of Compliance attached as Exhibit 1 to this Stipulated Protective Order ("the Declaration of Compliance").

12. Any disclosure or use of "CONFIDENTIAL" information with a deponent who does not otherwise qualify for access to the information shall be made only: (1) with the permission of the producing party (which permission may be inferred if the producing party has not objected within seven days of being served with the notice of deposition), and after the deponent has read this Protective Order, agreed to be bound by its terms, and signed a copy of the Declaration of Compliance attached as Exhibit 1 to this Stipulated Protective Order ("the Declaration of Compliance"); (2) when the producing party has explicitly agreed to waive its rights under this Paragraph, and has agreed that the deponent is neither required to sign the Declaration of Compliance nor otherwise required to abide by the terms of the Protective Order; or (3) by prior order of the Court. If necessary, the party who seeks to make the disclosure shall

move the Court, upon reasonable notice, for an order permitting the disclosure and shall bear the burden of persuading the Court that disclosure should occur. Every deponent to whom "CONFIDENTIAL" information is disclosed under the provisions of this paragraph shall sign the Declaration of Compliance before the disclosure occurs, unless such signature is explicitly waived by the producing party, but shall not be furnished a copy of the deposition transcripts or exhibits containing such "CONFIDENTIAL" information unless the deponent is otherwise specifically authorized to receive such information under this Stipulated Protective Order. Nevertheless, a deponent not specifically authorized to receive "CONFIDENTIAL" information under this Stipulation may be allowed to inspect the transcript for the purpose of correcting and signing the transcript.

13. Counsel of record for each party shall maintain the original signed Declarations of Compliance.

14. The parties may designate preliminarily the deposition testimony and exhibits (or portions thereof) of any witness in the litigation as "CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within twenty-one (21) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate appropriate portions of the transcript "CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed

"CONFIDENTIAL" information, as preliminarily designated. If no redesignation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

### Designation of Confidentiality

15. The designation of information as "CONFIDENTIAL" for the purposes of this Stipulated Protective Order shall be made by marking the first page of the document and each succeeding page of the document that contains the "CONFIDENTIAL" information with an appropriate stamp, sticker, or other indicia in substantially the following form:

**CONFIDENTIAL**

16. Nothing in this Stipulated Protective Order shall preclude a receiving party from contending that any or all information that has been designated as "CONFIDENTIAL" is improperly designated. A party shall not be obligated to challenge the propriety of any designation at the time of designation or production, and a failure to do so shall not preclude a subsequent challenge to the designation. A party may challenge the other party's designation of information or materials as "CONFIDENTIAL" by serving a written objection upon the

producing party. The producing party shall notify the challenging party in writing of the basis for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the basis for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, requesting that specifically identified information, documents, things, and/or deposition or other testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of confidentiality provided. The party asserting confidentiality shall have the burden of persuading the Court that the information at issue should remain protected as designated. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "CONFIDENTIAL."

### Court Filings and Proceedings

17. A party seeking to file any "CONFIDENTIAL" information shall first seek the Court's permission to file the document under seal pursuant to a "restricting order" as specified in Local Rule 26.2(b), or, if acceptable to the Court, shall submit the information in a sealed envelope to the Court's chambers for review *in camera*, as authorized under Local Rule 26.2(d). The parties shall also obey Local Rule 5.8 when filing such documents.

18. Any party, or any interested member of the public, may challenge through appropriate motion practice the propriety of maintaining the confidentiality of any document filed or presented pursuant to Paragraph 17, above.

19. To the extent any dispute arises about the propriety of filing any document under seal, maintaining any document under seal, or presenting any document *in camera*

pursuant to Paragraph 17, above, it shall be the responsibility of the party that designated the document "CONFIDENTIAL" to undertake any steps necessary to defend the document's confidential and/or sealed status.

### Inadvertent Production or Disclosure

20. Production of documents or things for the purpose of inspection and copying shall not constitute a waiver of confidentiality.

21. If a producing party inadvertently produces or discloses documents or other information without the proper designation of confidentiality, the producing party may nevertheless assert the confidentiality of the documents or information by a written notification to the receiving party that specifically identifies the document or information and its designation as "CONFIDENTIAL." The parties shall thereafter treat the documents or information as "CONFIDENTIAL." When information not initially designated as "CONFIDENTIAL" is later so designated, each party shall make a reasonable effort to retrieve documents containing the later-designated "CONFIDENTIAL" information and shall make reasonable efforts to obtain the agreement of persons to whom the disclosure of such information may have been made to treat such information as "CONFIDENTIAL," but no sanctions shall be imposed upon a party for any disclosure made before receipt of the written notification of the designation.

22. If information or documents subject to a claim of attorney-client privilege, attorney work product, third-party confidentiality, or any other applicable privilege are inadvertently produced or disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product to which the producing party would otherwise be entitled. If and when a producing party ascertains that privileged or otherwise protected information was inadvertently produced, the producing

party shall notify the receiving party who, in turn, will take all reasonable steps to promptly return the privileged or protected material, and any copies, and to eliminate the information from any litigation support system.

### Third-Party Information

23. Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Stipulated Protective Order by endorsing it and may designate and produce documents, things or testimony containing "CONFIDENTIAL" or information in accordance with its provisions without further action by the Court.

### Miscellaneous

24. Within sixty (60) days after the termination of this litigation, whether by final judgment, settlement, dismissal or other final disposition, documents designated as "CONFIDENTIAL" and all copies and extracts of such documents, shall be returned to the producing party or destroyed, at the option of the receiving party. Outside counsel for the parties shall be entitled to retain the following documents that contain "CONFIDENTIAL" information: (a) court papers, including attachments or exhibits; (b) deposition and trial transcripts, including exhibits; and (c) attorney work product; provided that such outside counsel, and employees of such outside counsel, shall not disclose such documents, papers, or work product containing "CONFIDENTIAL" information to any other person except pursuant to Court order or with the prior agreement of the party that produced the "CONFIDENTIAL" information.

25. In the event additional parties join or are joined in this action, they shall not have access to "CONFIDENTIAL" information until the newly joined party by its counsel

has executed and, at the request of any party, has filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

26. Entering into, agreeing to, and complying with the terms of this Protective Order and/or producing or receiving "CONFIDENTIAL" shall not:

(a) operate as an admission that any particular "CONFIDENTIAL" information contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of a producing party to object to the production of documents or information that the producing party considers not subject to discovery; or

(c) prevent the parties under this Stipulated Protective Order from agreeing to alter or waive the provisions or protections provided for in this Stipulated Protective Order with respect to any particular information.

27. Nothing in this Stipulated Protective Order shall preclude or be construed to preclude any attorney, in the course of rendering advice to his or her client with respect to this litigation, from conveying to the party-client the attorney's evaluation in a general way of "CONFIDENTIAL" information, provided that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific substance or content of any "CONFIDENTIAL" information if such disclosure would violate the terms of this Stipulated Protective Order.

28. If any person qualified to obtain "CONFIDENTIAL" information under this Stipulated Protective Order, or their agents or representatives, should receive any request for "CONFIDENTIAL" information received by that person in this action, whether through formal compulsory process or lawful authority of the court or otherwise, such person, agent or

representative, before responding, promptly shall serve written notice of the request on counsel for all parties to this Stipulated Protective Order in order to allow the producing party or parties to move an appropriate court or tribunal for a ruling regarding the necessity of complying with the request. If the producing party or parties makes such a motion, the person or party receiving the request for information shall not produce any such information absent a ruling from the appropriate court or tribunal on such a motion, and shall thereafter produce the information only insofar as the court or tribunal may direct.

29. Upon final termination of this action, whether by final judgment, settlement, dismissal, or other final disposition, the provisions of this Protective Order shall continue to be binding upon all parties, persons or entities who are subject to its terms, and the Court shall retain jurisdiction over the parties and the subject matter for the purpose of enforcing this Stipulated Protective Order.

30. Any party may apply to the Court at any time for relief from any provision of this Stipulated Protective Order.

31. Any party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order with respect to "CONFIDENTIAL" information, as that party may consider appropriate.

32. The parties agree to be bound by this Stipulated Protective Order pending the execution and issuance of this Protective Order by the Court.

SO ORDERED this _____ day of _____, 2008.

_____
Magistrate Judge Maria Valdez

WE AGREE TO THE TERMS OF THIS STIPULATED PROTECTIVE ORDER.

Dated: August 28, 2008

*/s/ James R. Daly*
James R. Daly
Nicole C. Henning
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
(312) 269-1570

Counsel for Defendant Jefferies & Company, Inc.

Dated: August 27, 2008

*/s/ Bruce Sperling*
Bruce Sperling
Michael Dickler
Matthew Slater
SPERLING & SLATER, P.C.
55 West Monroe St., Ste 3200
Chicago, Illinois 60603
(312) 641-3200

Counsel for Plaintiff Paul Moore

## EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PAUL MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>JEFFRIES & CO., INC.,<br><br>        Defendant. | Civil Action No. 08 CV 3<br><br>Hon. Blanche M. Manning<br>Magistrate Judge Maria Valdez |

### DECLARATION OF COMPLIANCE

I, (print or type full name) _____, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

    1.    I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____. I am over eighteen years of age and am competent to make this declaration.

    2.    I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

    3.    I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "CONFIDENTIAL" information, document, or thing. I will be personally subject to the Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of the United States District Court for the Northern District of Illinois, for enforcement of the Stipulated Protective Order.

Executed at _____ on this _____ day of _____, _____.

_____
(Signature)